THOMAS MAYLONE, Administrator, *vs.* CITY OF ST. PAUL, impleaded, etc.

May 1, 1889.

Injury Causing Death—Action against City—Limitation.—A special law, limiting the time for commencing actions against the city of St. Paul for injuries caused by its negligence, construed as not applicable to statutory actions by the personal representatives of a deceased person for negligence causing such death.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill*, J., presiding, sustaining a demurrer to the complaint.

*Otto K. Sauer* and *Walter L. Chapin*, for appellant.

*W. P. Murray* and *A. S. Hall*, for respondent.

DICKINSON, J. This is an action under the statute to recover for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendants, the city of St. Paul, and the St. Paul Ice Palace & Winter Carnival Association. A demurrer of the city of St. Paul to the complaint was sustained in the district court, for the reason that it was there considered that the action as to the city

was barred, it not having been commenced until more than one year had elapsed from the time of the injury and death. This is the only question presented by this appeal. Its solution depends upon the construction to be put upon section 19, *c.* 7, Sp. Laws 1885, amending the charter of this city, which reads as follows: "No action shall be maintained against the city of St. Paul on account of any injuries received by means of any defect in the condition of any bridge, street, sidewalk, or thoroughfare, unless such action shall be commenced within one year from the happening of the injury, or unless notice shall have first been given in writing to the mayor of said city, or the city clerk thereof, within thirty days of the occurrence of such injury or damage, stating the place where and the time when such injury was received, and that the person injured will claim damages of the city for such injury; but the notice shall not be required when the person injured shall in consequence thereof be bereft of reason."

In considering whether this statute was intended to apply to actions of this kind, we should bear in mind the distinct nature of such actions, maintainable only by force of the statute by the personal representatives of a deceased person, and the common-law action for negligence, prosecuted by the person injured. It should be observed that two conditions are prescribed in this special law respecting the right to maintain actions of the class to which this enactment relates. The first prescribes the time within which the action must be commenced. The second requires a specified notice to be given to the city within 30 days from the occurrence of the injury. These are not alternative conditions. Both must be observed in every case to which the law is applicable. The most obvious purpose of the statute, although the terms employed may not have been accurately chosen, was to require notice of the specified circumstances attending the injury, within 30 days thereafter, as a condition precedent to the right to maintain actions of the class referred to in the act. The word "or," which introduces the clause relating to this subject, should be read as "nor," in accordance with what must be regarded as the apparent purpose and meaning of the act. *Weston* v. *Loyhed,* 30 Minn. 221, (14 N. W. Rep. 892;) *Kanne* v. *Minn. & St. Louis Ry. Co.,* 33 Minn. 419, (23 N. W. Rep. 854.) The notice

thus required must also advise the city "that the *person injured* will claim damages of the city for such injury." This is plainly applicable to the case of a demand enforceable by a common-law action for damages by the person injured. It would require a strained and unnatural construction to make this applicable to affect the very different right of action given by statute to the personal representatives of a deceased person. In such a case the claim for damages is not prosecuted by "the person injured," nor in his behalf, or by his authority or consent. We consider that this requisite specification of the demand proposed to be asserted against the city shows that the attention of the legislature was directed solely to the right of action by the person injured, enforceable by him by action as at common law; there being nothing in the act indicative of an intention to make this enactment applicable to the peculiar statutory action by the representatives of a deceased person.

Order reversed.