MICHAEL ORTH v. VILLAGE OF BELGRADE.[1]

October 24, 1902.

Nos. 13,119—(139).

Personal Injury—Notice to City.

> Held, following Maylone v. City of St. Paul, 40 Minn. 406, that the provisions of Laws 1897, c. 248, requiring notice to be given to a municipality of injury caused by defects in its streets as a condition precedent to the maintaining of an action therefor, do not apply to an action by the personal representatives of a deceased person, whose death was caused by such defects.

Action in the district court for Stearns county by plaintiff, as administrator of the estate of Christian Schreiber, deceased, to recover $6,000 for the death of decedent. From an order, Searle,

[1] Reported in 91 N. W. 843.

J., overruling a demurrer to the complaint, defendant appealed. Affirmed.

*F. Tolman* and *Calhoun & Bennett*, for appellant.

*Theo. Breuner* and *J. D. Sullivan*, for respondent.

START, C. J.:

This is an appeal by the defendant from an order of the district court of the county of Stearns overruling the defendant's demurrer to the complaint herein. The plaintiff is the administrator of the estate of Christian Schreiber, deceased, and brings this action as such to recover damages for the death of his intestate by reason of the alleged negligence of the defendant, a municipal corporation, in the care of one of its streets.

The complaint alleges that the defendant negligently permitted a decayed porch, which was insufficiently fastened, to overhang one of its streets, which, by reason of its defective condition, fell, on July 4, 1901, upon the deceased, while he was lawfully upon the street, whereby he sustained injuries resulting in his death on September 16 thereafter. But it fails to allege that any notice, as provided by Laws 1897, c. 248, was served by him, or on his behalf, upon the defendant. This presents the sole question for our decision on this appeal, viz.: Can an administrator maintain an action against a municipality for the death of his intestate by reason of defects in its streets, where the deceased failed to give the notice required by the statute, although he lived more than thirty days after the accident which caused his death?

It is the confident contention of counsel for the plaintiff that the question is answered in the affirmative by the case of Maylone v. City of St. Paul, 40 Minn. 406, 42 N. W. 88. Counsel for the defendant with equal confidence insist that the case has no relevancy to the question, for that case, neither in its facts nor the statute construed, is similar to the one at bar. That case was one by the administrator to recover damages for the death of his intestate, alleged to have been caused by the negligence of the city. A demurrer to the complaint was sustained in the district court on the ground that the action was barred by reason of a provision of the city charter, which was this:

"No action shall be maintained against the city of St. Paul, on account of any injuries received by means of any defect in the condition of any bridge, street, sidewalk or thoroughfare, unless such action shall be commenced within one year from the happening of the injury, or (nor) unless notice shall have first been given in writing to the mayor of said city, or the city clerk thereof within thirty days of the occurrence of such injury or damage, stating the place where and the time when such injury was received and that the person injured will claim damages of the city for such injury; but the notice shall not be required when the person injured shall in consequence thereof be bereft of reason." Sp. Laws 1885, c. 7, § 19.

Laws 1897, c. 248, here in question, is, so far as here material, as follows:

"Before any city, village or borough in this state shall be liable to any person for damages for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect in any * * * street, * * * the person so alleged to be injured, or some one in his behalf, shall give to the city or village council, * * * within thirty days after the alleged injury notice thereof, and shall present his or their claim to compensation to such council * * * in writing, * * * and such body shall have ten days' time within which to decide upon the course it will pursue with relation to such claim, and no action shall be maintained until the expiration of such time on account of such claim nor unless the same shall be commenced within one year after the happening of such alleged injury or loss."

The statute giving a cause of action to the personal representative of a deceased party was then the same as it is now, and was and is in these words:

"When death is caused by the wrongful act or omission of any party, or corporation, the personal representative of the deceased may maintain an action if he might have maintained an action. had he lived, for an injury caused by the same act or omission by which the death was caused." G. S. 1894, § 5913.

The complaint in the Maylone case showed upon its face that the deceased died on the day of the occurrence of the accident which caused his death, and, further, that the action by the administrator was not commenced until more than one year thereafter. The question raised by the demurrer and decided by this court

was whether the one-year limitation applied to the action by the administrator. In this case the complaint shows that the deceased lived for seventy-four days after he was injured. The claimed distinction between the two cases is that in the former case the deceased might have brought an action on the day of his death, because the time within which the notice of his injury was required to be given had not then expired, hence his administrator could bring the action; while in the latter case the time for giving the notice had expired before the injured party died, and he could not have brought the action; hence his administrator cannot. But the court, in its opinion in the Maylone case, reversing the order sustaining the demurrer, did not refer to the fact that the injured party died before the expiration of the thirty days, but based its decision upon the broad proposition that the provisions and limitations of the city charter applied only to the common-law action which the injured party had to recover for his injuries, and not to the very different right of action given by the statute to the personal representatives of deceased persons. Again, the injured party in the Maylone case could not have maintained an action on account of his injuries due to the neglect of the city without first complying with the conditions precedent as to the giving of the notice, nor, if he had lived, could he have maintained an action after one year from the happening of his injury. And yet the court held that his administrator might maintain the statutory action, although it was brought more than one year after the happening of the injury, and at a time when the injured party, if living, could not have maintained an action for his injuries.

It is to be noted that the charter provision as to the time within which the action must be brought is absolute in its terms, and is not limited to an action by the person injured. Its language is,

"No action shall be maintained against the city of St. Paul on account of any injuries received by means of any defect in the condition of any * * * street * * * unless such action shall be commenced within one year from the happening of the injury."

There is more reason for holding that the failure to bring an action within the year would be a bar to an action by a personal

representative than there is for holding that the failure to give the notice would bar such action. Hence, if, as the court held, the failure to bring the action within the year is not a bar to an action by a personal representative, it follows that the failure to give the notice is not a bar to such an action.

The statute giving the personal representative a cause of action (G. S. 1894, § 5913) limits the action to cases in which the facts are such that the injured party, if he had lived, might have maintained an action; that is, upon the merits. The conditions precedent to the right of the injured party to maintain his action are no part of the essential elements of his cause of action, but were prescribed by statute long after section 5913 was enacted, and the decision in the Maylone case necessarily holds that the words of this section, "if he might have maintained an action had he lived," refer to the right of the deceased to have maintained, if he had lived, an action on the merits, for his injury; for otherwise it could not have held that the administrator's action could be maintained, although an action by the deceased, if he had lived, brought more than a year after his injury, would be barred. Now, the provisions of the General Statutes, Laws 1897, c. 248, and the charter provisions construed in the Maylone case, are, so far as here material, substantially the same, and the Maylone case cannot be distinguished on principle from this case. It follows, unless we overrule the Maylone case,—and we know of no reason why we should do so,—that the question here under consideration must be answered in the affirmative. We therefore hold that the provisions of Laws 1897, c. 248, do not apply to an action by the personal representative of a deceased person given by G. S. 1894, § 5913.

Order affirmed.