GREEN H. HIGH, PLAINTIFF IN ERROR, v. THE CITY OF JACKSONVILLE, DEFENDANT IN ERROR.

1.  Chapter 4872 of the Laws of 1899, is a special law, applicable to the city of Jacksonville, and the third section thereof, requiring written notice of claims for damages to be given the Mayor as a condition precedent for the maintenance of a suit for such damages, is not repealed by, or in conflict with, Chapter 4722 of the laws passed at the same session of the legislature; and in a declaration against the city for the recovery of such damages as are embraced in the former act, it is necessary to allege that the notice thereby required to be given was given, and a declaration lacking such allegation is demurrable.

- This case was decided by Division B.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*Geo. U. Walker,* for Plaintiff in Error.

*Barrs & Odom,* for Defendant in Error.

HOCKER, J. The plaintiff in error sued the defendant in error for damages for the death of his minor child, John Henry High, alleged to have been caused by touching his foot on a live electric wire controlled by the city, alleged to have been negligently permitted by it to fall and lie on the street where the child was killed, from the 29th to the 31st of August inclusive. The declaration was demurred to because it did not allege that notice was given of the alleged injury to the Mayor of the city within the time in the manner prescribed by law. The demurrer was sustained by the Circuit Judge, and the plaintiff not amending, final judgment was entered for the city, from which a writ of error was sued out.

The law referred to as requiring notice is section 3, Chapter 4872 acts of 1899, approved May 30th, 1899. It is in these words: "No suit shall be maintained against the city for damages arising out of its failure to keep in proper condition any sidewalk, pavement, viaduct, bridge, street or other public place unless it shall be made to appear that the damage alleged was attributable to the gross negligence of the city, and that written notice of such damage was, within thirty days after the receiving of the injury, given to the Mayor with such reasonable specifications as to time and place and witnesses as would enable the city officials to investigate the matter, and no verdict shall in any suit be given for an amount exceeding compensation damages to the plaintiff

directly attributable to such negligence on the part of the city and not caused by contributory negligence on the part of plaintiff.

It shall be the duty of the Mayor, upon receiving any such notice, to at once investigate the matter and lay the facts supported by the evidence before the City Council in a written report, and the City Council shall have the right, and upon the written request of the person injured, it shall be the duty of the City Council to investigate the matter and it may by ordinance make such reasonable settlement of any such damages as may be agreed upon between the City Council and the person so damaged, which settlement must be approved by two-thirds of the City Council."

The plaintiff in error, however, contends that this section is in conflict with and repealed by the act of the same session of the legislature, approved June 3rd, 1899, *viz*: Chapter 4722, under which this suit was brought. The first section is as follows, *viz*: "Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default of any individual, or by the wrongful act, negligence, carelessness or default of any private association of persons, or by the wrongful act, negligence, carelessness or default of any officer, agent or employe, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of any officer, agent or employe of any corporation acting in his capacity as such officer, agent or employe, the father of such minor child, or if the father be not living, the mother, as the legal representative of such deceased minor child, may maintain an action against such individual, private association of persons or corporation, and may recover not only for the loss of services of such minor

child, but in addition thereto such sum for the mental pain and suffering of the parent or parents as the jury may assess."

There is no repealing clause to this act, and if it repealed section 3 of the former act it must do so by implication. It will be observed that the provisions of Chapter 4722 make it a general law as distinguished from a special law, and that Chapter 4872 is a special law applicable only to the City of Jacksonville. General laws do not as a rule repeal special ones, unless there is glaring repugnancy and irreconciliability, or it is manifest from the language used that the general was intended to repeal the special one.   Hillsborough County v. Henderson, 45 Fla. 356, 33 South. Rep. 997; 1 Lewis' Sutherland Stat. Const., sec. 268, p. 513. This court, as early as State ex rel. McQuaid v.  Commissioners of  Duval County, 23 Fla. 483, 3 South. Rep. 193, in reviewing the various constitutional provisions of the constitution of 1885, applicable to cities and towns, held that those provisions were adopted "in response to a sentiment which had prevailed in favor of an  untrammelled  power of legislation as to municipalities," p. 492.  Granting that Chapter 4722 was intended to include municipal corporations, we can discover no reason why the legislature might not, as they have done in section 3 of Chapter 4872, provide that "no suit shall be maintained against the city for  damages, &c., unless  written notice of  such damage was within thirty days after receiving the injury given to the Mayor, with such reasonable specifications as to time and place as would enable the city officials to investigate the same."  Such a notice to a city is required in many States and so far as we can discover has been held to be a reasonable requirement intended to protect cities against fraudulent and unjust demands.  2 Mod-

ern Law of Municipal Corporations (by Smith) sec 1310, pp. 1365, 1366; 20 Am. & Eng. Ency. Law (2nd Ed.) 1234, and cases cited.

Inasmuch as the declaration in the instant case contains no allegation that the notice to the Mayor of the city was given as required by the Statute, we are of opinion that no error was committed in sustaining the demurrer to the declaration and in entering final judgment for the city. The judgment of the Circuit Court in said cause is, therefore, hereby affirmed at the cost of the plaintiff in error.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.