# REMI SENECAL v. CITY OF WEST ST. PAUL.[1]

June 17, 1910.

Nos. 16,577—(179).

**Limitation of action for wrongful death.**

Following Maylone v. City of St. Paul, 40 Minn. 406, it is *held* neither the defendant's charter nor section 768, R. L. 1905, limiting the time within which certain actions may be commenced against municipalities, refer to or include actions for death by wrongful act.

Action in the district court for Dakota county by the administrator of the estate of George W. Senecal, deceased, to recover $5,000 for the death of his intestate alleged to have been causd by an injury received while passing over a defective crossing in defendant city. Plaintiff demurred to that part of the answer which set up as a defense to the action that it was begun more than one year after the cause of action accrued and plaintiff at no time filed with the city council any claim for damages. From an order, Crosby, J., overruling the demurrer, plaintiff appealed. Reversed.

*Converse & Grannis,* for appellant.

*Emil W. Helmes* and *Albert Schaller,* for respondent.

O'BRIEN, J.

The complaint alleged that George W. Senecal died as the result of injuries received by reason of a defective sidewalk in the city of West St. Paul. The accident occurred June 5, 1908. Plaintiff was appointed administrator on September 24, 1909, and brought

[1]Reported in 126 N. W. 826.

this action September 25, 1909, to recover damages because of decedent's death. The defendant city answered, denying negligence on its part, and as a further defense alleged that no notice of the accident or claim had been given, and that the suit was commenced more than one year after the cause of action had accrued. A demurrer to this second defense was overruled, and plaintiff appeals from the order so made.

The city of West St. Paul is under a so-called "home rule charter," which contains the following provision: "* * * No action shall be had or maintained against the city of West St. Paul for any damages for alleged injuries to persons or property, unless an action be commenced within one (1) year after a cause of action has accrued, and unless the person alleged to be injured or some one in his behalf shall give to the common council of said city, within thirty days after the alleged injury, notice thereof."

In Maylone v. City of St. Paul, 40 Minn. 406, 42 N. W. 88, this court construed a charter provision which read as follows: "No action shall be maintained against the city of St. Paul on account of any injuries received by means of any defect in the condition of any bridge, street, sidewalk, or thoroughfare, unless such action shall be commenced within one year from the happening of the injury, or unless notice shall have first been given in writing to the mayor of said city, or the city clerk thereof, within thirty days of the occurrence of such injury or damage, stating the place where and the time when such injury was received, and that the person injured will claim damages of the city for such injury; but the notice shall not be required when the person injured shall in consequence thereof be bereft of reason." It was there held the provision quoted did not apply to an action brought under the statute of this state giving the next of kin of a deceased person an action if his death was caused by the wrongful act of another. The charter provision so construed was embodied in a special law.

Later the legislature enacted chapter 248, p. 459, Laws 1897, which has been carried forward, without material alteration, into the Revised Laws of 1905 as section 768. This refers to all cities and villages, and does not differ materially in its language from the pro-

vision of the charter of the city of St. Paul previously before. this court. Chapter 248, Laws 1897, was considered in Orth v. Village of Belgrade, 87 Minn. 237, 91 N. W. 843, the Maylone case was followed, and a similar construction given the language of the general law.

Counsel for defendant insists that the phraseology of the present charter of defendant city, as well as that of section 768, R. L. 1905, differs so materially from the language construed in the Maylone case that it should be held to include this action. The Maylone case was decided several years prior to the enactment of the general law now embodied in the revised code, and many years prior to the adoption of defendant's charter. The legislation must be presumed to have been framed with knowledge of that decision. If it was intended, therefore, by either enactment to limit the period in which the personal representative of a deceased person might bring an action against a municipality for causing death by its negligence or wrongful act, actions of that character would have been specifically mentioned in the law. We fail to see any material difference in this respect in the language found in each of these enactments, and in view of the prior decisions of this court it must be held that neither the limitations contained in defendant's charter nor those in section 768, R. L. 1905, were intended to include an action like the present.

The demurrer should have been sustained, and the order overruling it is reversed.