# John F. Devine, Administrator of the Estate of Casimer Wisniewski, Deceased, Plaintiff in Error, v. City of Chicago, Defendant in Error.

## Gen. No. 15,907.

NOTICES—*when statute requiring service upon city of injuries, does not apply.* The act of 1905 requiring a person, who intends to bring an action against a city, village or town, for an injury to his person, to serve a notice, containing certain specified matters, does not apply to the statutory action brought by an administrator of a person whose death has resulted from the negligence of such city, village or town, to recover pecuniary damages sustained by the widow or next of kin.

Action in case for death caused by alleged wrongful act. Error to the Superior Court of Cook county; the HON. WILLARD M. MCEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed November 14, 1911.

JACOB C. LEBOSKY, for plaintiff in error.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for defendant in error; EDWARD C. FITCH, of counsel.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Action was brought by the administrator of Casimer Wisniewski, deceased, against the city of Chicago, in the Superior Court of Cook county, to recover for injuries sustained by the heirs and next of kin of the deceased, by his death, which is alleged to have been caused by the negligence of the city in keeping a part of Harrison street, near Sherman street, Chicago, so badly out of repair, that the wagon of deceased struck a hole or obstruction in the street, whereby plaintiff's intestate was thrown from the wagon and sustained injuries which resulted in his death.

The declaration alleged that notice was duly served within six months after the accident, upon the city of Chicago, in accordance with the statute. At the close of the case made by the plaintiff in error, the court directed a verdict in favor of the defendant, upon the ground that there was a variance between the notice alleged to have been served, and the proof in the case, as to the place of the accident.

Upon objection, the court refused to allow the introduction of the notice in evidence, because of the alleged variance, and, as this resulted in the failure on the part of the plaintiff to prove service of a proper notice, the court held that the plaintiff in error could not recover.

Plaintiff in error seeks a reversal here upon the contention that the notice referred to, and which was actually served upon the city, is necessary only in a suit "for personal injury," and is not necessary in cases like the one at bar, where the suit is brought by an administrator to recover for the death of the de-

ceased for the benefit of the next of kin; that, therefore, the alleged variance was as to an immaterial matter,—and accordingly, that the court erred in directing the jury, upon this ground, to find in favor of the defendant.

Sections 6 and 7, chapter 70 Hurd's Revised Statutes, 1908, provides:

"Sec. 6—No suit or action at law shall be brought or commenced in any court within this state for damages against any incorporated city, village or town by any person for an injury to his person, unless such suit or action be commenced within one year from the time such injury was received or the cause of action accrued.

"Sec. 7.—Any person who is about to bring an action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, and about the hour of the accident, the place or location where such accident occurred and the name and address of the attending physician (if any)."

It is evident from an examination of the briefs and arguments before us, that the only question necessary for us to decide in disposing of this case, is whether or not the action brought by the administrator in the case at bar is included within the provisions of these two sections just quoted, and, therefore, whether any notice, such as therein provided for, was required in the case at bar.

This question, in one form or another, has frequently been before the courts, and much uncertainty as to the law has existed because of the conflicting decisions

which have been made concerning it. However, a recent decision of the Supreme Court of our state, in Prouty v. City of Chicago, 250 Ill. 222, definitely and conclusively settles the question. In that case, there was presented to the court, for its decision, the precise question involved here, and the court there held that the act of 1905, requiring a person, who intends to bring an action against a city, village or town, for an injury to his person, to serve a notice, containing certain specified matters, does not apply to the statutory action brought by an administrator of a person whose death has resulted from the negligence of such city, village or town, to recover pecuniary damages sustained by the widow or next of kin.

Under this decision, it is clear that the court below erred in directing a verdict for the city upon the ground stated, and entering judgment against the plaintiff, and its action will, therefore, be reversed and the cause remanded for another trial.

*Reversed and remanded.*