LACONTE, Administrator, Respondent, vs. CITY OF KENOSHA, Appellant.

*April 3—April 23, 1912.*

*Municipal corporations: Death caused by insufficiency of sidewalk: Condition precedent to action: Notice of injury: For whose benefit action may be maintained: Nonresident aliens: Widow of resident: Domicile: Evidence: Admissions: Appeal: Harmless error.*

1. Service of notice of injury as provided in sec. 1339, Stats., is not a condition precedent to the maintenance of an action to recover damages for death of a person caused by insufficiency of a public highway.

2. Where a person whose death was caused in this state by a wrongful act, neglect, or default was a resident of the state, had taken out his first citizenship papers, but left a widow in a foreign country who, at the time of his death, purposed joining him here, such widow should not be deemed a nonresident alien, but is entitled to the rights secured to surviving relatives by secs. 4255, 4256, Stats., even though the death occurred prior to the amendment of said sec. 4256 by ch. 226, Laws of 1911.

3. In an action against a city to recover damages for death of a person, alleged to have been caused by insufficiency of a sidewalk, an error in permitting a witness to testify to an admission by the mayor, after the accident, that he knew the sidewalk was dangerous, was so far cured by an explicit instruction to the jury to disregard such evidence as not to be ground for reversal of a judgment against the city.

APPEAL from a judgment of the circuit court for Kenosha
county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Action to recover for the benefit of the widow of plaintiff's
intestate, alleged to have come to his death by insufficiency of
a sidewalk in the defendant city.

The pleadings presented the case as indicated in the follow-
ing, which the evidence established, or tended to show.: On a
dark night about 10 p. m. the intestate fell from one of defend-
ant's sidewalks and death ensued by reason thereof.   His home
had been in *Kenosha* for a considerable time.   He had taken
out his first papers, entitling him to the rights of a citizen of
Wisconsin, as the law then stood, though he was not a citizen
of the United States.   He had a wife, who was at his former
home in Italy, and purposed having her join him at his new
home.   She was of the same mind and had taken some steps
to effect the mutual purpose before the event in question.   The
walk was in front of an excavation which was some eight feet
deep and between two buildings.   Such excavation was made
for the basement of a building to be erected.   There was some
sort of a barrier at the inner edge of the sidewalk which edge
coincided with the brink of the excavation.   The barrier was
made of two pieces of lumber, one extending from a point
some four or six feet from the surface of the walk at the cor-
ner of the building on one side down to the edge of the walk
near the opposite building, and the other extending from the
corresponding corner of such opposite building down to the
walk in a similar manner, the two crossing nearly midway
between such corners and being there nailed firmly together.
There was a cement walk on the outside of the sidewalk area
and up to within about three feet of the excavation, the sur-
face of such three feet being about three inches lower down
than that of the cement walk and composed of cinders, ashes,
and stones.   The condition had been as indicated for some six
or seven months.   It was in one of the most frequented por-
tions of the city.   The deceased was well acquainted with the

situation. While lawfully using the walk near the point where the barrier was fastened pretty high up on the building, by mistake or in some way, he fell into the excavation with fatal consequences. A few moments before such event he came from a near-by saloon where he had been drinking to some extent. He was not apparently intoxicated. He was unconscious when found and did not change in that regard so as to be able to disclose how he came to fall from the walk. No one saw him fall, but he was seen near the place thereof about the time of the occurrence. The surface of the walk along near the brink of the excavation was quite black with cinders and at the particular point it was quite difficult for one to see his surroundings. No notice of the accident, under sec. 1339 of the Statutes, was given. The cause was submitted to the jury, resulting in findings to this effect: The sidewalk, for want of a sufficient guard at the brink of the excavation, was not reasonably safe for public travel. The unsafe condition of the sidewalk was the proximate cause of the accident. Defendant had notice of such unsafe condition a sufficient length of time before the accident to enable it by the exercise of reasonable diligence to remedy the danger. The deceased was not guilty of any contributory negligence. It will require $3,000 to measure the recoverable damages.

In due course judgment was rendered in plaintiff's favor on the verdict.

*Calvin Stewart,* for the appellant.
*Robert Verne Baker,* for the respondent.

MARSHALL, J. The first question is this: In case of a person being injured by insufficiency of a public way within the scope of sec. 1339 of the Statutes, and death ensues, the circumstances being such that, had he survived, he would be entitled to maintain an action for compensation in respect to the injury, making a case within sec. 4255 of the Statutes, is an action maintainable for surviving relatives, regardless of the

condition of said sec. 1339 in respect to serving notice of the injury? That is ruled in the affirmative by *McKeigue v. Janesville,* 68 Wis. 50, 31 N. W. 298. It has been so long settled as not to be open to discussion. The right created by sec. 1339 is one thing; that created by secs. 4255 and 4256 is another. The notice is confined to the former. In case of the latter the vital condition is, death of a person caused by the fault of another such as would, if such person had survived, have entitled him to pursue such other for the recovery of damages.

In case of a death from breach of duty under sec. 1339 the reasonable construction of the words of sec. 4255, "entitle the party injured to maintain an action," etc., with reference to sec. 1339, is, entitle such person to maintain the action and do all the things essential to that end, including performance of the condition precedent to such maintenance; that is, give the requisite notice of the injury. The condition has no reference to the right secured to surviving relatives. If it were otherwise, in any case of death from breach of duty under sec. 1339 without opportunity to satisfy such condition as to the deceased, secs. 4255 and 4256 would have no efficiency whatever. No such absurd result could have been contemplated by the legislature, as suggested in the case cited.

We are not unmindful of the fact that, in *Carpenter v. Rolling,* 107 Wis. 559, 83 N. W. 953, where there was a death, as in this case, a notice was served under sec. 1339 and the court passed upon its sufficiency without suggesting that no notice was necessary. That question was not suggested, or, apparently, thought of. Counsel and the court treated the case as if notice were necessary and dealt only with sufficiency of the one given. There, certainly, was no intention to overrule *McKeigue v. Janesville, supra.* It was rightly decided. We should reach the same conclusion now if we were dealing with the matter from an original standpoint.

The next question is this: In case of the death of a person

in this state from the fault of another, under such circumstances that had he survived he would be entitled to maintain an action against such other in respect to his injury, such person being a resident of this state and entitled to the rights of state citizenship because of having taken out his first citizenship papers, but leaving a widow in a foreign country who purposed joining her husband at his Wisconsin home,—is such widow entitled to the rights secured to surviving relatives by secs. 4255 and 4256 of the Statutes? That turns on the legislative intent embodied therein. The language is general. In its literal sense it applies to residents of this state and non-residents as well. In *McMillan v. Spider Lake S. M. & L. Co.* 115 Wis. 332, 91 N. W. 979, where the person for whose benefit the action was prosecuted was the mother of the deceased and a resident of Canada, it was held that the statutes were not intended to confer rights upon nonresident aliens, but were confined to residents. The decision was rendered in general terms. We are not disposed to cast any doubt upon its soundness as regards the particular situation with which the court dealt. It was supported by ample authority and will not be disturbed. The legislature, since the cause of action in hand accrued, has amended the statute so as to render it as broad as its literal sense,—abolishing the distinction between residents and nonresidents whether alien or not. Ch. 226, Laws of 1911.

The court in *Robertson v. C., St. P., M. & O. R. Co.* 122 Wis. 66, 99 N. W. 433, indicated, quite plainly, a disposition to confine *McMillan v. Spider Lake S. M. & L. Co., supra,* to the facts thereof. It declined to treat residents of a sister state as nonresident aliens within the broad language used in the former case, and held that the legislative purpose was not to discriminate between residents and nonresidents to the extent of excluding the latter from the benefit of the statute where they are not residents of a country foreign to the United States.

It is the opinion of the court that the spirit of restriction manifested, as indicated, should be applied to this case in order to effect the legislative intent. It is not thought such intent was to exclude the wife of a resident of this state who is a citizen thereof, though not of the United States, her purpose, at the time of the death of her husband, being to join him here. In such circumstances the domicile of the wife and citizenship, as regards the statute in question, should be deemed to be that of the husband according to the law in general on the subject.

This court held, as the law stood before ch. 226, Laws of 1911, that, under sec. 12, Stats. (1898), one who has declared his intention to become a citizen of the United States and who has resided in this state one year or more, as in this case, is not a nonresident alien as regards state policy, but is a citizen of Wisconsin with substantially the rights and responsibilities of other citizens. *In re Wehlitz,* 16 Wis. 443; *In re Conway,* 17 Wis. 526. That is not in conflict with the rule that a state cannot make a person one of its citizens who is not a citizen of the United States. *Lanz v. Randall,* 4 Dill. 425; *Minneapolis v. Reum,* 12 U. S. App. 446. That has reference to the conception of the term "alien" as embodied in the federal constitution or acts of Congress of the United States. The policy in this country is to afford the wife of a citizen here the status of her husband in substantially all cases. *Halsey v. Beer,* 52 Hun, 366; *Kane v. McCarthy,* 63 N. C. 299; referring to an act of Congress on the subject. All this reinforces the idea expressed that the construction of the statute in *McMillan v. Spider Lake S. M. & L. Co.* 115 Wis. 332, 91 N. W. 979, should not be extended to exclude from its benefits a person circumstanced as was the widow of the intestate in this case.

Complaint is made because the court permitted a witness to testify to an admission made by the mayor of defendant, after the accident, that he knew the sidewalk was dangerous. The evidence was improper; but, the court, appreciating that,

distinctly instructed the jury to disregard the evidence. It may be, prejudice thus once created cannot be wholly cured by instructing the jury as in this case; but, in other than very exceptional cases, the rule is that such an error may be thus cured, and it is considered, that the difficulty was so far remedied here that appellant was not, within reasonable probabilities, in any way harmed. The jury were put in possession of the whole situation. They viewed the premises at the time of the trial and were fully informed as regards how the situation as it then existed differed from that at the time of the accident. They heard the witnesses, enabling them to understand the matter fully as regards the safety of the walk, and probably reached the conclusion complained of uninfluenced by the objectionable evidence.

There are some other complaints; but none which seems to call for discussion. It is considered that if they involve error at all, it is error without prejudice.

*By the Court.*—Judgment affirmed.