IVA C. NESBIT, *Appellee*, v. THE CITY OF TOPEKA, *Appellant*.

No. 17,683.

### SYLLABUS BY THE COURT.

NEGLIGENCE—*Wrongful Death—Notice—Action by Widow.* A person injured by the negligence of a city failed to give a notice as required by the act governing cities of the first class. (Gen. Stat. 1909, § 1218.) He died from such injuries after the time limited for such notice had expired. His widow gave a notice within four months after his death, and then commenced an action under the statute giving a right of action for damages for death caused by wrongful act. It is held that the action may be maintained, notwithstanding the failure of the injured person to give the preliminary notice within four months after the injury.

Appeal from Shawnee district court, division No. 2. Opinion filed June 8, 1912. Affirmed.

*W. C. Ralston*, city attorney, and *James W. Clark*, assistant city attorney, for the appellant.

*Edwin D. McKeever*, for the appellee; *D. Basil Rankin*, of counsel.

The opinion of the court was delivered by

BENSON, J.: The question to be decided in this case is whether a notice as provided by section 1218 of the General Statutes of 1909 is a condition precedent to

the maintenance of an action for damages for death caused by the wrongful act or omission of another under the provisions of section 419 of the civil code, the death having occurred more than four months after the injury. A demurrer to a petition alleging such negligence and resulting death, but failing to allege the notice referred to, was overruled, and the defendant appeals.

The statute relating to notice declares:

"No action shall be maintained by any person or corporation in any court for damages on account of injury to person or property unless the person or corporation injured or damaged shall, within four months thereafter, and prior to the bringing of the suit, file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received, and the circumstances relating thereto." (Gen. Stat. 1909, § 1218.)

This statute is mandatory, and in a case within its purview if the notice is not given an action can not be maintained by the person sustaining the injury. (*Cook v. Topeka*, 75 Kan. 534, 90 Pac. 244.)

The statute under which this action is brought provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission." (Civ. Code, § 419.)

A later statute allows the widow to maintain the action in her own name in cases like the present. (Civ. Code, § 420.) The damages recoverable by a widow in such an action are for her loss caused by the death of her husband. A cause of action accrued to him when he was injured. A cause of action accrued to her at his death. (*Railway Co. v. Martin*, 59 Kan. 437, 438, 53 Pac. 461; *Louisville & St. Louis Railroad v.*

*Clarke,* 152 U. S. 230, 238.) She was not the person injured and so was not required to give the notice provided by the statute within the four months' period. Before her right of action accrued the time for giving it had elapsed. A construction that would bar the widow in such a situation should not be given unless imperatively required. It is said that it is required by the express terms of the statute giving the remedy; that the action can only be maintained by the widow "if the former (the person injured) might have maintained an action had he lived, . . . for the same act or omission" (Civ. Code, § 419) ; and as notice was required as a condition precedent to the maintenance of his action, in the absence of such a notice her action must fail. But the husband might have maintained the action—by giving the notice, filing a petition, and causing a summons to issue. His failure to take these steps or any of them can not bar her right, even under the letter of the statute.

In referring to a similar situation the supreme court of Utah said:

"The statute must receive a reasonable construction and such as will make it possible to present a claim. If, therefore, a claim may not arise until the time has elapsed in which it must be presented, the statute should not be held to apply, unless the language used therein permits of no other construction." (*Brown v. Salt Lake City,* 33 Utah, 222, 233, 93 Pac. 570.)

It is true that in that case the period for giving notice had not elapsed at the time of the death of the injured person, but the language quoted is nevertheless applicable. In another court, in a case where the time for notice had elapsed, it was held, affirming a prior decision, that a statute requiring such a preliminary notice in an action for negligence against a city did not apply to an action brought under a statute giving the next of kin of a deceased person an action when his death had been caused by wrongful act. (*Orth v. Village of Belgrade,* 87 Minn. 237, 91 N. W.

Forney v. Insurance Co.

843, followed in *Senecal v. City of West St. Paul,* 111 Minn. 253, 126 N. W. 826.)

It is argued that the failure to receive notice within the four months deprived the city of an opportunity to examine into the nature and cause of the alleged injury while the means of doing so were available, thus working hardship. It may be observed on the other hand that the construction of the statute contended for would strike down a right of action before it accrues —if that were possible.

These views are in substantial accord with an opinion filed by the district court in overruling the demurrer and the judgment is affirmed.