No. 19,673.

JENNIE M. BARNES, *Appellee,* v. THE GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., *Appellant.*

SYLLABUS BY THE COURT.

ACCIDENT INSURANCE — *Injuries — Death — Sufficient Notice to Insurer.*
An accident insurance policy contained two provisions:

"(m) Written notice of any injury, fatal or non-fatal, or of any illness for which claim can be made, must be given to the Company at Philadelphia, Pa., within ten days of date of accident or beginning of illness. Failure on the part of the assured or beneficiary to comply strictly with said notice requirement shall limit the liability of the Company to one-fifth the amount which would be otherwise payable under this policy. Notice to an Agent does not constitute notice to the Company.

"(n) Proof, satisfactory to the Company, affirmatively establish-ing the fact that the injury, loss or disability, is such as comes within the provisions and conditions of the policy, must be furnished to the Company at Philadelphia, Pa., (on blanks provided on request, by the

Company), within thirty days from date of death, loss of limb, or of sight, or of the termination of disability. No action at law or in equity shall be maintainable before three months or after six months from the date on which this paragraph provides that said proof must be furnished to the Company. Any claim not brought in conformity with the provisions of this paragraph shall be forfeited to the Company."

*Held,* that the first paragraph did not require notice to the company to be given by the beneficiary within ten days of the death of the assured; and *held,* that a compliance with the second paragraph by the beneficiary within the time therein specified was sufficient on which to base a recovery.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed December 11, 1915. Affirmed.

*T. A. Noftzger,* and *George Gardner,* both of Wichita, for the appellant.

*Earl Blake, W. A. Ayres,* and *C. A. McCorkle,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This lawsuit has arisen over the terms of an accident insurance policy.

H. Bruce Barnes, in his lifetime, was a barber in Wichita. He held a policy of insurance issued by the defendant company. On May 5, 1913, he fell off his bicycle and was injured. Notwithstanding his injuries, he continued to go to his place of business from day to day, although not in his accustomed health and vigor, until May 18, when he died.

No demand was made by Barnes on the defendant company for any payment on account of his accident and injuries. On June 10, his widow, the plaintiff, presented to the defendant company the proof of her husband's death and the cause of it and demanded payment under the terms of the policy. This was refused, and this action is the result.

The defendant denied liability because of a breach of the following provision in its insurance policy:

"(*m*) Written notice of any injury, fatal or non-fatal, or of any illness for which claim can be made, must be given to the Company at Philadelphia, Pa., within ten days of date of accident or beginning of illness. Failure on the part of the assured or beneficiary to comply strictly with said notice requirement shall limit the liability of the Company to

one-fifth the amount which would be otherwise payable under this policy. Notice to an Agent does not constitute notice to the Company."

The plaintiff recovered judgment, and defendant appeals; and the alleged error involves the proper interpretation of the clause above quoted.

1. No notice of the accident or injury was given by the assured or by the plaintiff within ten days of its occurrence. Neither was any notice given within ten days of the assured's death. He died on May 18. Notice to the company was given on June 10. What does the policy require?

"Written notice of any injury, fatal or non-fatal, or of any illness for which claim can be made, must be given . . . within ten days of date of accident or beginning of illness."

No claim for indemnity or benefit was made by the assured for the accident or injury or illness. The provision in controversy does not say what notice must be given in case of death. Shall we amend this provision and read into it some duty to be performed by the beneficiary when a claim arises under the policy on the death of the assured? Touching this provision under discussion, the district court instructed the jury (in part):

"You are instructed that this paragraph applies to the claim which could be recovered by the insured himself, and that it does not apply to the claim of the plaintiff in this case, which is for the death of the insured and, of course, arises only after his death and after the accident which caused his death. To enable the plaintiff to recover in this case it is not necessary for her to comply with the provisions of this paragraph, and it is not necessary that notice of the injury or illness for which a claim is made to have been given to the Company within ten days of the date of the accident or the beginning of the illness."

In *Casualty Co. v. Colvin,* 77 Kan. 561, 95 Pac. 565, it was held that in a clause in an accident insurance policy requiring notice by the insured or the beneficiary within fifteen days from the date of the accident, the time did not begin as against the beneficiary until the death of the assured. In the opinion it was said:

"It is also contended that, if this right of action existed, it has been lost by failure to give notice as required by clause 4, above set out. No notice was given to the company until more than fifteen days after the insured was injured. If such notice was necessary, the failure to give it worked a forfeiture of all rights under the policy. It will be seen from clause 4 that notice of the claim must be given by the insured or

by the beneficiary. These parties cannot both have a claim at the same time. It would be a useless thing for the beneficiary to give notice of a claim which is not in existence and which may never arise. Such a proceeding cannot be fairly assumed to have been contemplated by the parties, and it does not seem to be clearly expressed by the language of the policy. Until the death of the insured the beneficiary had no interest in, or claim to, the policy, and no rights under its provisions. A claim in favor of the insured arose after he received the injury, and to preserve that claim it was incumbent upon him to give the required notice. But the beneficiary, during the life of the insured, had no claim against the company nor any right under the policy to be protected. The language of the clause evidently contemplates that this duty will in some cases rest upon the insured and in others upon the beneficiary, for they are both mentioned." (p. 569.)

Since the provision in controversy does not literally provide that notice must be given within ten days of the death of the assured, let us see if the duty of the beneficiary is not elsewhere prescribed in this policy. One paragraph, in part, reads:

"(n) Proof, satisfactory to the Company, affirmatively establishing the fact that the injury, loss or disability, is such as comes within the provisions and conditions of the policy, must be furnished to the Company at Philadelphia, Pa., (on blanks provided on request, by the Company), within thirty days from date of death. . . . Any claim not brought in conformity with the conditions of this paragraph shall be forfeited to the Company."

This clause seems pertinent. It requires that within thirty days of the death of the assured proof shall be furnished to the company showing the fact of the injury, loss or disability. The plaintiff complied with this requirement.

Which clause controls? The one which does not clearly nor even fairly prescribe notice touching the death of the assured, or the one which does? It is not disputed that this latter clause was conformed to by the plaintiff, and it appears to us that it is the clause which directed the conduct of the claimant after the death of her husband.

The authorities cited by counsel for plaintiff and defendant seem to be in confusion, and it seems better to resort to the clear and precise doctrine of an analogous case of this court for a precedent. Such is the case of *Nesbit v. City of Topeka*, 87 Kan. 394, 124 Pac. 166. There the husband of the plaintiff had been injured and died through the negligence of the city. The statute provided that no action could be brought against

the city unless a written statement giving the time, place and circumstances of the accident or injury was filed with the city clerk within four months. While this statute was held to be mandatory on the injured party before he could claim damages, a failure on the part of the widow to file such written statement within four months of the injury did not bar her recovery.

A case somewhat like the present was *Hoffman v. Accident Indemnity Co.*, 56 Mo. App. 301. There the policy provided:

" 'In the event of an accident or injury for which or from which, directly or indirectly, any claim may be made under this certificate, either for weekly indemnity or loss of limbs or loss of both eyes or for the death benefit, immediate notice shall be given in writing signed by the member or his attending physician, or in case of death by the beneficiary, addressed to the secretary of the company, at Geneva, New York, stating the full particulars as to when and where and how it occurred, and the occupation of the member at the time, and his address; and failure to give such immediate notice, mailed within ten days of the happening of such accident, shall invalidate all claim under this certificate.' " (p. 303.)

The assured lived for forty days after his injuries, but no notice was given to the company under the clause just recited. The court held that this provision did not apply where the claim was made in behalf of the beneficiary after the death of the assured, and that notice within reasonable time thereafter was sufficient. Two sections of the syllabus read:

"A condition in an accident insurance policy, requiring the beneficiary to give notice of the death, within ten days of the happening of the accident causing it, is impossible, and, therefore, unreasonable, in a case where the death does not occur within ten days after such accident, and such condition is invalid.

"When a stipulation in a policy of insurance, emanating from the insurer, is capable of two meanings, that meaning is to be adopted which is most favorable to the insured, and doubt must be resolved in favor of the interpretation of the assured, although intended otherwise by the insurer." (Syl. ¶¶ 1, 3.)

Construing paragraphs "*m*" and "*n*" together, it seems clear that paragraph "*n*" is the one which governs the beneficiary, and since it is conceded that she complied with its terms within the time therein specified, the judgment in her behalf can not be disturbed. It is therefore affirmed.