Hillsborough, }
May 2, 1916. }

HARLAND M. DAVIS *v.* WILLIAM S. B. HERBERT, *Admr., & a.*

The only charges against the damages recoverable under P. S., c. 191, s. 13 for wrongfully causing death, are the expenses of recovery, hence such damage are not assets for the satisfaction of creditors' claims against the estate.

BILL IN EQUITY, by one who furnished supplies and performed services as undertaker in the care and burial of the body of Matthew Leazott, praying that the administrator be ordered to pay therefor. Transferred from the September term, 1915, of the superior court by *Sawyer,* J.

The bill alleges in substance that Leazott was killed in an accident on the Boston & Maine Railroad April 12, 1914; that his only heir is Bertha B. Leazott, his minor child; that the plaintiff, at the request of those in charge of the body, acted as undertaker, performed services, and furnished supplies to the value of $90; that said Leazott left no estate; that Herbert was appointed administrator of the estate of said Leazott; that the railroad settled the claim against it for damages in causing the death of Leazott by paying the administrator $1,550; that Susan S. Philbrick was appointed guardian of said Bertha; that on December 4, 1914, said bill was presented to the administrator, payment demanded, and the administrator refused to pay or allow any part of the same.

No objection was raised to the form of the action. The defendants demurred to the bill and assigned as ground for the demurrer that the damages recovered are not assets of said estate liable for the satisfaction of debts. Subject to exception, the demurrer was overruled, and the administrator was advised to pay the undertaker's bill.

*Charles J. Hamblett* and *Marshall D. Cobleigh,* for the plaintiff.

*Charles A. Perkins,* for the defendants.

PEASLEE, J. The question presented is not an open one in this state. The only charges against the damages recovered for wrongfully causing death are the expenses of recovery. The balance "shall belong and be distributed" to certain beneficiaries. P. S., *c.* 191, *s.* 13. The damages are not assets for the satisfaction of creditors' claims against the estate, and the general assets cannot be used to prosecute a suit of this character to the detriment of creditors. *Cogswell* v. *Railroad,* 68 N. H. 192, 194.

It is urged that because the expenses to the estate caused by the injury may be recovered as an element of damage in these suits (P. S., *c.* 191, *s.* 12), therefore the legislature must have intended such recovery to be for the benefit of the creditors to that extent. The language of section 13 is too explicit to admit of such interpretation. And it takes nothing from the estate or its creditors which theretofore belonged to it or them. The statute creates a new cause of action, unknown to the common law, and provides how the damages recovered shall be distributed.

Whether an unpaid undertaker's bill could be deemed an expense "occasioned to his estate by the injury," when he left no estate out of which the bill could be satisfied, is a question which is not presented by the facts in this case and upon which no opinion is expressed.

*Exception  sustained.*

All concurred.