SYLVANUS MARSH v. CITY OF MIAMI.

160 So. 893.
Division B.
Opinion Filed April 25, 1935.

*Howard W. McCay, L. D. Holcomb,* and *Harry Neham,* for Plaintiff in Error;

*J. W. Watson, Jr., Mitchell D. Price* and *Charles W. Zaring* and *Robert S. Florence,* for Defendant in Error.

TERRELL, J.—Plaintiff in error as plaintiff below, filed his declaration in the Circuit Court of Dade County seeking to recover damages against the City of Miami, defendant in error, for the negligent death of his minor child, a boy ten years old. A demurrer to the declaration was sustained and the instant writ of error was prosecuted to that order.

The demurrer was sustained because the declaration did not allege that sixty days' notice was given the City Attorney of Miami before instituting the action as required by Section Ninety-three of the City Charter. We are thus confronted with the question of whether or not the notice required by Section Ninety-three of the Charter of the City of Miami is a necessary prerequisite to bringing an action to recover damages for the negligent death of a minor child.

Section Ninety-three of the Charter of the City of Miami is as follows:

"No suit shall be maintained against the City for damages arising out of any tort, unless written notice of such claim was, within sixty (60) days after the day of receiving the injury alleged, given to the City Attorney with specifications as to time and place of the injury."

It will be observed that this provision of the City Charter is limited to damages arising from tort actions so the notice as therein required is likewise limited.

The action here is one to recover damages for the alleged wrongful death of a minor child. The defendant contends that the notice to the City Attorney required in Section Ninety-three of the City Charter is an indispensable prerequisite to such an action and relies on High v. City of

Jacksonville, 51 Fla. 207, 40 So. 1032, to support its contention.

On casual inspection one would be led to the conclusion that High v. City of Jacksonville, *supra,* rules this case but mature consideration dispels that conclusion. In High v. City of Jacksonville, *supra,* the Court was confronted with two acts passed by the Legislature of 1899, Chapter 4872 and Chapter 4722, Laws of Florida. The question before the Court being whether or not there was a conflict in these acts and whether or not the notice provision in the former act was applicable to the latter.

Chapter 4872, Acts of 1899, was an Act similar to Section Ninety-three of the Miami City Charter in that it required notice to the mayor of the City of Jacksonville before bringing any action against the city "for damage arising out of its failure to keep in proper condition any sidewalks, pavement, viaduct, bridge, street, or other public place," *et cetera.* Chapter 4722, Acts of 1899, now Section 4962, Revised General Statutes of 1920, Section 7049, Compiled General Laws of 1927, is the statute under which this action is brought and authorizes the recovery of damages for the wrongful death of a minor child. In High v. City of Jacksonville, *supra,* this Court held that there was no conflict in these Acts and extended the notice requirement in Chapter 4872 to Chapter 4722.

The material difference between Chapter 4872 affecting the City of Jacksonville, and Section Ninety-three of the Miami City Charter is that the former is applicable to "damages" in any kind of an action against the City of Jacksonville while the latter is limited to damages from a tort action against the City of Miami. An action for the wrongful death of a minor child is not a tort action nor is it synonymous therewith. In some jurisdictions it is held not to be

a new right of action but a right to recover a new class of damages. Legg v. Britton, 64 Vt. 652, 24 Atl. 1016; *Ex parte* Adams 216 Ala. 241, 113 So. 235; Harrell v. Quincy O. & K. C. R. Co. (Mo.) 186 S. W. 677. In many jurisdictions it is held to create a new cause of action. Ames v. Adams, 128 Mo. 174, 146 Atl. 257; Pittsburgh C. C. & St. L. R. Co. v. Hosea, 152 Ind. 412, 53 N. E. 419; McKay v. New England Dredging Co., 92 Me. 454, 43 Atl. 29; Cooper v. Shore Elec. Co., 63 N. J. L. 558, 44 Atl. 633; Belding v. Black Hills & Ft. P. R. Co. 3 S. D. 369, 53 N. W. 750; Western Union Tel. Co. v. Preston 254, Fed.. 229; *In re*. Lister's Estate, 22 Ariz. 185, 195 Pac. 1113; Hindmarsh v. Sulpho Saline Bath Co., 108 Neb. 187 N. W. 806; Davis v. Herbert, 78 N. H. 179, 97 Atl. 879; Hamilton v. Erie R. Co., 219 N. Y. 343, 114 N. E. 399, Ann. Cas. 1918A 926; Kerley v. Hochman, 74 Okla. 299, 183 Pac. 980, 6 A. L. R. 141; Perry v. Philadelphia B. & W. R. Co., 1 Boyce (Del.) 399, 77 Atl. 725.

Chapter 4722 of the Laws of Florida was amended in 1913 to include damages for mental pain and suffering for the wrongful death of a minor child. In view of these differences in Section Ninety-three of the City Charter and Chapter 4722 of the Laws of Florida as amended in 1913, we do not think High v. City of Jacksonville, *supra,* can be said to be decisive of the case at bar. Chapter 4722 carries its own limitation and there is no showing of an intent to repeal it by Section Ninety-three of the City Charter.

The rule is approved by a well recognized line of authority in this country to the effect that the requirement of notice of the claim before bringing an action to recover damages for personal injuries arising from a tort is not applicable to actions to recover damages for wrongful death. A tort action and an action for wrongful death are not synony-

mous nor are they interchangeable. Prouty v. City of Chicago, 250 Ill. 222, 95 N. E. 147; Devine v. City of Chicago, 166 Ill. App. 17; Nesbit v. City of Topeka, 87 Kan. 394, 40 L. R. A. (N. S.) 749, 134 Pac. 166; Perkins v. Oxford, 66 Me. 545; Maylone v. City of St. Paul, 40 Minn. 406; 42 N. W. 88; Orth v. Belgrade, 87 Minn. 237, 91 N. W. 843, 12 Am. Neg. Rep. 294; Senecal v. City of West St. Paul, 111 Minn. 253, 126 N. W. 826; Brown v. Salt Lake City, 33 Utah 222, 14 L. R. A. (N. S.) 619, 126 Am. St. Rep. 828, 93 Pac. 570, 14 Ann. Cas. 1004; Laconte v. City of Kenosha, 149 Wis. 343, 135 N. W. 843; Parish v. Town of Eden, 62 Wis. 272, 22 N. W. 399; McKeigue v. City of Janesville, 68 Wis. 50, 31 N. W. 298.

Such is the rule approved in this jurisdiction.

The judgment below is accordingly reversed.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.