82 So.2d 131 (1955)
Marie O. PARKER, widow of Morval E. Parker, deceased, Appellant,
v.
CITY OF JACKSONVILLE, Florida, a municipal corporation, Appellee.
Supreme Court of Florida. En Banc.
July 20, 1955.
Rehearing Denied September 15, 1955.
Jepeway & Dauber, Miami, and George A. Pierce, Jacksonville, for appellant.
C.C. Howell, Jr., Luke G. Galant and Howell & Howell, Jacksonville, for appellee.
ROBERTS, Justice.
The sole question on this appeal is whether an action for wrongful death against a municipality must be instituted within the 12-month limitation period prescribed by Section 95.24, Fla. Stat. 1953, F.S.A. The question arose in a suit brought by the plaintiff, as the widow of Morval E. Parker, deceased, to recover for the death of her husband allegedly caused by the negligence of the defendant city. The lower court held that her suit was barred by Section 95.24, and this appeal followed.
Section 95.24 is a general law applicable to all cities and villages of this state and provides in part as follows:
"(1) No action shall be brought against any city or village for any negligent or wrongful injury or damage to person or property unless brought within twelve months from the time of the injury or damages."
It is the contention of the plaintiff here that this provision has no application to actions for wrongful death, as created by Sections 768.01 and 768.02, Fla. Stat. 1953, F.S.A., and that such actions remain subject to the two-year limitations period specifically prescribed by Section 95.11(6), Fla. Stat. 1953, F.S.A., for "An action arising upon account of an act causing a wrongful death." This *132 contention must be sustained for the reasons hereinafter stated.
In Cristiani v. City of Sarasota, Fla. 1953, 65 So.2d 878, 879, we interpreted Section 95.24 as meaning a negligent or wrongful "`injury to person'" or "`damage to property'". So the question here is whether an action for wrongful death falls within either of those two categories of tortious conduct. While this particular question has not heretofore been presented to this court, we have considered the question of the applicability to wrongful death actions of special charter provisions requiring notice to a municipality of a claim against a city for tortious injury prior to suit against the city on such claim. The underlying principle justifying such charter provisions was said, in Martineau v. City of Daytona Beach, Fla. 1950, 47 So.2d 538, to be the same for and equally applicable to the short limitations period prescribed by Section 95.24 for suits against municipalities. It would appear, then, that the decisions of this court construing such special charter provisions should be, at least, persuasive, if not controlling, in our consideration of the question here presented.
In Marsh v. City of Miami, 1935, 119 Fla. 123, 160 So. 893, 894, the charter provision in question provided that "no suit shall be maintained against the City for damages arising out of any tort, unless written notice of such claim was, within sixty (60) days after the day of receiving the injury alleged, given to the City Attorney * * *." In holding that this provision did not apply to actions for wrongful death, the court said:
"The rule is approved by a well-recognized line of authority in this country to the effect that the requirement of notice of the claim before bringing an action to recover damages for personal injuries arising from a tort is not applicable to actions to recover damages for wrongful death. A tort action and an action for wrongful death are not synonymous, nor are they interchangeable. [Citations]."
And in Doyle v. City of Coral Gables, 1948, 159 Fla. 802, 33 So.2d 41, we refused to apply a similar charter provision of the City of Coral Gables to an action for personal injuries due to the negligent operation of a city bus, where the complaint was grounded on the city's breach of an implied contract of safe carriage, and not on tort. Accord: Holbrook v. City of Sarasota, Fla. 1952, 58 So.2d 862.
We have not overlooked the decisions of this court in Olivier v. City of St. Petersburg, Fla. 1953, 65 So.2d 71, and in High v. City of Jacksonville, 1906, 51 Fla. 207, 40 So. 1032. In the Olivier case, we were concerned with the sufficiency of a notice given in compliance with a charter provision requiring such notice as a condition precedent to suit against the city for "damages arising out of any personal injury", and with the question of the constitutionality of the charter provision in question. No question was raised as to the applicability of such provision to an action for wrongful death. In the High case, we considered a charter provision which, as interpreted by this court in Marsh v. City of Miami, supra, applied to a suit for damages "in any kind of an action against the city." We do not interpret Section 95.24 as applying to all actions for damages, of whatever kind, against the city; it applies to "`negligent or wrongful'"  that is, tortious  conduct which injures a person or damages his property. Cristiani v. City of Sarasota, supra. The plaintiff's person was not injured nor her property damaged when her decedent was fatally injured. Her right of action under the Wrongful Death Act was based on the violation of "the right which the family of the deceased had to the companionship, services or support of the decedent, coupled with the expectancy of a participation in the estate which such person might have accumulated had his life not been brought to an untimely end by the infliction of the injury." Ake v. Birnbaum, 1946, 156 Fla. 735, 25 So.2d 213, 220. Her suit was not for the injury sustained by her decedent, but for the death resulting from *133 the injury, which is an independent and distinct grievance, created by statute. Epps v. Railway Express Agency, Fla. 1949, 40 So.2d 131.
We have considered the cases from other jurisdictions cited by both parties in support of their separate contentions. The case relied upon by the defendant City, Crapo v. City of Syracuse, 183 N.Y. 395, 76 N.E. 465, 466, is not persuasive here, since it affirmatively appears from the opinion of the whole court on petition for rehearing, appearing in 184 N.Y. 561, 76 N.E. 1092, that a majority of the court did not agree on the question of whether an action for wrongful death was an action for "damages for personal injuries" within the meaning of a statute requiring suits against a municipality to be filed within one year, which question was said to be "immaterial so long as it was held that the cause of action did not accrue till the appointment of the administratrix."
The plaintiff has, on the other hand, cited several decisions of courts of other states in support of her contention. Thus, in Senecal v. City of West St. Paul, 1910, 111 Minn. 253, 126 N.W. 826, it was held that a charter provision requiring suits against the city "`for any damages claimed for alleged injuries to persons or property'" to be filed within one year did not apply to actions for wrongful death. And in Homiewicz v. Orlowski, 1928, 4 W.W.Harr., Del., 66, 143 A. 250, 251, a similar conclusion was reached under a statute providing that "`No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of one year from the date upon which it is claimed that such alleged injuries were sustained.'" See also Drinan v. A.J. Lindemann & Hoverson Co., 7 Cir., 1953, 202 F.2d 271, 272, where it was held that an action for wrongful death was not governed by the limitation period prescribed for an "`action to recover damages for an injury to the person.'"
It goes without saying that repeals by implication are not favored; and in view of the strict construction which this court has heretofore placed on charter provisions relating to "notice of claim" in suits against municipalities, we are constrained to hold that it was not the legislative intent to repeal Section 95.11(6) insofar as actions for wrongful death against municipalities are concerned, and that the lower court was, therefore, in error in holding that the plaintiff's suit was barred by Section 95.24, supra.
Accordingly, the judgment appealed from should be and it is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.
DREW, C.J., and TERRELL, THOMAS, SEBRING, HOBSON and THORNAL, JJ., concur.