ANNA M. HAMMILL, Respondent, *v.* THE ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA, Appellant.

Third Department, May 2, 1917.

**Insurance — life insurance — provisions of constitution of beneficent association providing for notice of accident construed — necessity for notice after accident and also after death — construction of insurance contract.**

Where the constitution of a beneficent association provides that a member sustaining an accident shall give notice thereof within ten days, and that if death result, notice must be given within ten days thereafter, " which death notice shall be in addition to the notice of the accident and shall state the cause of death," it is not necessary that there be two notices in all cases where death results from an accident more than ten days thereafter.

The quoted provision means that when notice of the accident is given by the injured member, and he thereafter dies as a result of such accident, a notice of death must again be given, notwithstanding the first notice.

Moreover, if an injured member has given notice of his injury and made claim for compensation under his certificate, and subsequently dies, the notice thus given is not sufficient and a notice of death must also be given, " which death notice shall be in addition to the notice of the accident."

But where the accident results in death, notice within ten days thereafter is sufficient, although no prior notice of the accident was given.

Where there is any doubt or uncertainty as to the meaning of a contract of insurance, it must be resolved in favor of the insured, the insurer being responsible for the language used.

APPEAL by the defendant, The Order of United Commercial Travelers of America, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 24th day of May, 1916, upon the decision of the court after a trial before the court without a jury.

*Waterman & Waterman* [*Robert S. Waterman* of counsel, and *John A. Millener*, general counsel, on the brief], for the appellant.

*Thomas Spratt* [*George E. Van Kennen* of counsel], for the respondent.

COCHRANE, J..

The plaintiff was beneficiary under a certificate of insurance issued to her brother, Mortimer J. Hammill, by the defendant, a fraternal beneficiary association which indemnified for injuries or death caused by accident. On April 6, 1914, Hammill, while a member in good standing in the order of the defendant, accidentally sustained a fracture at the base of the skull which caused his death seventeen days thereafter on the 23d of April, 1914. The circumstances of the injury and resulting death are such as to bring the case within the protection of the certificate of insurance provided the notice of accident or death required by the contract of insurance was given to the defendant. That is the only question we deem it necessary to discuss.

Whatever notice was required by the contract of insurance it was essential to give and no unforeseen contingency would excuse such notice nor can it be excused because the requirement may seem to be unreasonable. (*Whiteside* v. *North American Accident Ins. Co.*, 200 N. Y. 320.)

The defendant claims that it was entitled to notice within ten days after the accident and to a second notice within ten days after the death of Hammill. The only notice given was within ten days after his death. We think that was sufficient under the requirements of the contract.

The certificate of insurance provides for two kinds of benefits, *first*, to the member himself in case he survives his

accident, and *second,* to his designated beneficiary in case his accident results in his death. The constitution of the defendant in force at the time of the accident and which is here controlling, provided that a member sustaining an accident should " within ten days after the date of such accident send a notice in writing of said accident (not the results) to the Supreme Secretary, stating his full name and address, and full particulars of his ' accident." Then follow provisions for forwarding blanks for the preliminary proof of the accident and the return of such proof, and forwarding blanks for the final proof and the return of such proof, and such additional reports and information as may be required. Then follows this provision: " If death shall result under the conditions covered by this Article, a notice of said death must be given in writing to the Supreme Secretary within ten (10) days after said death, which death notice shall be in addition to the notice of the accident and shall state the cause of death."

The appellant argues that the words " which death notice shall be in addition to the notice of the accident," imply that there must be two notices in all cases where death results from an accident more than ten days thereafter. We think it means rather that when notice of the accident is given by the insured member and he thereafter dies as a result of such accident, a notice of death must again be given notwithstanding the first notice. An injured member might consider his injuries trifling and might have no intention of making a claim therefor against the order. But death unexpectedly overtakes him as a result of the accident. The beneficiary under the certificate is not in such a case precluded from making a claim because of want of previous notice. But if on the other hand the injured member has given notice of his injury and made claim for compensation under his certificate and subsequently dies, the notice thus given is not sufficient but a notice of death must also be given " which death notice shall be in addition to the notice of the accident."

If there is any doubt or uncertainty as to the meaning of the contract such doubt must be resolved in favor of the plaintiff because the defendant is responsible for the language used. (*Marshall* v. *Commercial Travelers' Mutual Accident Assn.,* 170 N. Y. 434, 438.)

We are further persuaded that such is the true intent of the contract because of a change in the constitutional provisions in reference to notice, which change was made after the certificate was issued to Hammill, but before his death. The former constitution contained the following provisions: " In event of any accidental injury on account of which a death claim may be filed against the Order, notice of the accident (not the results) must be given in writing to the Supreme Secretary within ten days thereafter, stating the full name and address of the injured member, date, and full particulars of the accident and the name and address of his medical attendant. In the event of a death resulting from external, violent and accidental means, as hereinbefore provided, notice of the accident must be given as hereinbefore provided, and, in addition, notice of the death must be given in writing to the Supreme Secretary within ten days after the death." Under these provisions very clearly a double notice was necessary in death cases. A material change of language in the two constitutions, however, indicates a material change of purpose and that purpose as we construe the language was the commendable one of removing unnecessary burdens from claimants and abolishing the necessity of double notices in cases where double notices could serve no useful purpose.

Unquestionably if the insured member had died within ten days of the accident the notice given in this case would be sufficient. As we construe the requirements as to notice in death cases such notice does not depend on the length of time which intervenes between the accident and death but if death occurs whether within ten days or not, the same notice suffices. This seems the reasonable construction. No good reason is apparent why a different notice should be required in one case than is required in the other, and if the defendant intended to require a different notice when death occurs more than ten days after the accident than it requires when death results immediately or within ten days of the accident such intent should be made manifest by more specific and definite language.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.