Patterson, J.
The parties in this court stand in the same relation as they did in the court below.
The plaintiff in her petition alleges that William H. Gibbs was her son, and that on the 13th day of July, 1917, he became a member of the defendant order, in good standing, and that the defendant *440 issued to him its certain certificate or policy of insurance, thereby agreeing to pay to the plaintiff, as the beneficiary, in case of his death from bodily injury through external, violent and accidental means and independent of all other causes, the sum of $6300, $5000 of which was to be paid within ninety (90) days from the receipt by the supreme executive committee of satisfactory final proofs of the death of William H. Gibbs, and $1300 to be paid in weekly installments of $25 each, beginning within ninety (90) days from the receipt of such final proofs, said certificate or policy being for such period of time as said William H. Gibbs might be a member of said order in good standing and should pay when and as the same became due and payable all dues and assessments charged and levied against him; that at all of the times hereinafter mentioned William H. Gibbs was a member of the defendant order, in good standing, and that he had paid when and as the same became due and payable all dues and payments charged against him.
Plaintiff further alleges that while this policy was in full force, and on or about the 8th day of October, 1917, said William H. Gibbs, on account of an accident, was bodily injured in his abdomen, from which bodily injury, effected -through external, violent and accidental means, and independent of all other causes, the said William H. Gibbs on the 17th day of December, 1917, died; that this plaintiff was named in the policy, at the request of William H. Gibbs, as the beneficiary thereof, and that by reason thereof the sum now due on the policy is payable to her.
*441 Plaintiff further alleges that after the death of William H. Gibbs, she, as the beneficiary named in the nolicy, caused notice thereof to be furnished the defendant, in accordance with the terms of the policy, and thereafter caused formal proofs of the death to be furnished to the defendant company at its home office in Columbus, Ohio, and that her claim was rejected by the company on February 6, 1918. She prays judgment for $5000, with interest from December 17, 1917.
In a supplemental petition plaintiff alleges that the weekly installments of $25 are now all due and payable, and in said supplemental petition prays judgment for an additional sum of $1300.
To this petition the defendant files an answer setting forth three defenses, in the first of which it admits the issuing of the policy to William H. Gibbs for the sum named in the petition, to be paid upon the receipt of satisfactory final proofs of the death of William H. Gibbs, but upon express condition that the decedent was at the time he received,such bodily injuries, and at the time of his decease as the result of such bodily injuries through external, violent and accidental means, independent of all other causes, a member in good standing of the said order of United Commercial Travelers of America; and upon express condition that he had complied with all the terms and conditions of the policy of insurance, and had observed and complied with the constitution and by-laws of the order, and that all and singular the terms and conditions of the contract and policy of insurance had been kept and complied with by said William H. Gibbs, and the *442 beneficiary named in the policy, or those claiming through or under them on account thereof.
The defendant admits that the decedent died on December 17, 1917, and that some time after his death the plaintiff, claiming as his beneficiary, gave notice to the defendant of the death of the decedent, and filed with the defendant certain proofs of death, and that defendant has notified the plaintiff that it disclaimed all liability thereunder. The defendant denies all and singular the other averments of the petition.
Further answering the defendant sets forth the purposes for which the order was founded; that the executive, legislative and judicial functions under its constitution are vested in a supreme council; that subordinate and branch councils are provided for under its constitution; that under its constitution and by-laws contracts of insurance shall be written and certificates of insurance issued only in favor of those who are members of the order; and that such certificates of insurance shall be subject to the terms of membership in said order and to all of the conditions and provisions embodied therein.
The answer further sets forth the provisions of Section 12, Article VII of the constitution of the order:
“Nor shall benefits under this Article be payable unless external, violent and accidental means, producing bodily injury, is the proximate, sole and only cause of the death, disability or loss/'
The answer points out that Section 14, Article VII of the constitution, among other things, provides as follows:
*443 “Any insured member who shall sustain an accident covered by this Article, shall, within ten (10) days after the date of such accident, send a notice in writing of said accident (not the results) to the Supreme Secretary, stating his full name and address, and full particulars of his accident.
“If death shall result under the conditions covered by this Article, notice of said death must be given in writing to the Supreme Secretary within ten (10) days after said death, which death notice shall be in addition to the notice of the accident and shall state the cause of the death.
“Any failure to give or furnish the notices, preliminary proof or final proofs, as hereinbefore required, each within the time limited therefor, shall be deemed a waiver of any and all claims against the Order and said claims shall be deemed forfeited by said failure.”
The defendant further alleges that the certificate of membership, constitution and by-laws, and articles of incorporation of the order, together with the application for insurance signed by the decedent, constitute the contract between the order and the decedent, and that the same are binding upon his beneficiaries. The defendant further says that it has no knowledge of any alleged accident occurring to the decedent in October, 1917, and expressly denies the allegations of the petition in this respect.
For a second defense the defendant alleges that there was no notice given by the decedent within ten (10) days of the happening of the accident, nor any notice given by him whatever as to the alleged accident or injury, as set forth in the petition, and that by reason thereof the decedent forfeited all *444 claims for benefits under the policy either on behalf of himself or on behalf of his beneficiaries in case of his death.
For a third defense the defendant alleges that the constitution of the order'also provides as follows:
“Any claim for death alleged to have been caused by accident shall be forfeited and rendered null and void should an autopsy not requested by the Supreme Executive Committee or any representative authorized by it be held without notice thereof being first given to the Supreme Secretary at least seven (7) days in advance of the intended autopsy.”
The defendant further alleges that it had no notice of the death of the decedent until several days after his decease and burial; that before any such notice of his death had been received by the defendant an autopsy was held upon his body without the knowledge or consent of the defendant; that said autopsy was not requested by the supreme executive committee, or any representative thereof; and that by reason of the violation of this provision of the constitution the plaintiff is not entitled to recover.
To this answer of the defendant the plaintiff files a reply admitting that there were certain provisions in the policy and in the constitution and by-laws of the order which were made conditions of said policy, upon which the same was accepted; and admits that the defendant notified this plaintiff that it disclaimed all liability and rejected her claim. The reply alleges that the defendant is an incorporated association under the laws of Ohio, and that the provisions of the constitution of the order, as set forth in the answer, are correctly stated; and it *445 admits that no notice of any accident was given to the defendant prior to the death of said William H. Gibbs. It avers that the provision that on failure to give such notice said certificate shall be forfeited and be rendered null and void is not a valid, reasonable or legal provision and is of no effect or binding force as a defense against the plaintiff herein; and admits that an autopsy was held and no notice of the holding thereof given to the defendant. And plaintiff avers that she did not know of the existence of any such provision in the policy relating to an autopsy until after the same had been held upon the body of. decedent. She denies each and every other allegation of the answer.
To this reply the defendant filed a demurrer upon two grounds:
First. The facts and allegations set forth in the reply constitute no defense as against the averments of defendant’s answer, and upon their face on account of admissions therein contained show that plaintiff has no cause of action against defendant.
Second. Because of the admission in the reply that the certificate of insurance contained the provisions, stipulations, covenants and conditions set out in defendant’s answer, and the admission in the reply that no notice of the alleged accident to William H. Gibbs mentioned in the petition was given to the defendant company, and the further admission that no notice of autopsy, or intended autopsy, was given, as required by the provisions of said certificate of insurance and constitution, it is clear upon the face of the reply and the pleadings that *446 plaintiff has no cause of action against the defendant.
The demurrer was sustained by the court below, and, plaintiff not desiring to plead further, judgment was rendered against her, and error proceedings prosecuted to this court, seeking a reversal of the judgment.
The real question in this case is of very narrow limit. It is admitted that no notice of the accident was sent to the company by William H. Gibbs, but that, on the other hand, within the time required by the policy, notice was given to the company of his death by the beneficiary. The question presented involves a construction of that part of the policy which reads as follows:
“If death shall result under the conditions covered by this Article, notice of said death must be given in writing to the Supreme Secretary within ten (10) days after said death, which death notice shall be in addition to the notice of the accident and shall state the cause of the death."
It is the claim of the plaintiff that according to the terms and conditions of the policy, and in order that she might recover from the defendant as a beneficiary, it was not imperative that notice of the accident be given to the defendant, but that if notice of the death of the decedent be given within ten (10) days the defendant is liable.
It is further contended on the part of the plaintiff that the language of this policy in so far as the giving of the notice is concerned is divisible into two parts, one of which relates to the insured and the other to the beneficiary, and that even should the failure of the insured to give notice to the com *447 pany within ten (10) days after the happening of the accident result in a loss of the benefits thereunder to him, yet in case of his death as a result of such injury such action does not bind the beneficiary; that the beneficiary can not possibly have any interest in the policy until after the death of the holder, and that it is not incumbent upon the beneficiary as a condition precedent to give both of these notices, one within ten (10) days after the happening of the accident and the other within ten (10) days after the death, for the reason that she would not be a beneficiary under the policy under any circumstances or conditions prior to the death of the policy holder; and that having complied with all that is required of her, namely, to give notice of death within ten (10) days, the company is liable to her as such beneficiary for the full amount of the policy.
And it is further contended that should the decedent have waived all his claim to any benefits, this waiver would not estop the beneficiary from claiming under the policy.
Very exhaustive and voluminous briefs have been filed in this case, and we will not attempt to review or distinguish the authorities cited therein. Our attention has been called to the case of Hammill v. United Commercial Travelers, 164 N. Y. Supp., 815. The facts in that case show that on April 6, 1914, Hammill sustained an injury and died as a result thereof on April 22, 1914; that no notice of the accident was given within ten days, and the only notice given to the company was the notice of the death within ten (10) days thereafter,
*448 At page 816 the court says:
“The appellant argues that the words, ‘which death notice shall be in addition to the notice of the accident,’ implies that there must be two notices in all cases where death results from an accident more than ten days thereafter. We think it means rather that when notice of the accident is given by the insured member and he thereafter dies as a result of such accident, a notice of death must again be given notwithstanding the first notice. An injured member might consider his injuries trifling, and might have no intention of making a claim therefor against the Order. But death unexpectedly overtakes him as a result of the accident. The beneficiary under the certificate is not in such a case precluded from making a claim because of want of previous notice. But if on the other hand the injured member had given notice of his injury and made claim for compensation under his certificate and subsequently dies, the notice thus given is not sufficient, but a notice of death must also be given, which death notice shall be in addition to the notice of the accident.’ ”
It is contended on the part of the defendant in error that the Hammill case has been overruled by the supreme court of New York in the case of Sasse v. United Commercial Travelers, 226 N. Y., 669; but we are unable to find that it is a similar case or that the holding of the New York court in the Hammill case has been overruled or modified.
In this Hammill case the language of the policy was identical with the language of the policy in this case, the defendant being the same as in the instant case,
*449 Other cases cited and relied upon by counsel for plaintiff in error are Western Commercial Travelers’ Ass’n. v. Smith, 85 Fed. Rep., 401; United Commercial Travelers v. Sain, 186 Fed. Rep., 271; Nax v. Travelers’ Ins. Co., 130 Fed. Rep., 985; Maloney v. Maryland Casualty Co., 113 Ark., 174; Moore v. General Accident, Fire & Life Assurance Co., 173 N. C., 532; Barnes v. General Accident, Fire & Life Assurance Corporation, Ltd., 96 Kans., 679, and Hoffman v. Mfgs.’ Accident Indemnity Co., 56 Mo. App., 301.
In Crotty v. Continental Casualty Co., 163 Mo. App., 628, the syllabus is as follows:
“1. The beneficiary in an accident insurance policy is not required to give any notice to the company of an injury to the insured until a claim matures by the death of the latter.
“2. It would be unreasonable and absurd to require the wife of the insured, who-is the beneficiary of the death indemnity in an accident insurance policy, to notify the company of a possible future death claim every time her husband receives an injury.”
In Continental Casualty Co. v. Colvin, 77 Kans., 561, it is held:
“Where an accident-insurance policy provides for the payment of a weekly indemnity to the insured if disabled by an accidental injury to the extent described, and also provides for the payment to a beneficiary named in the policy of a stipulated indemnity in case of the insured’s death from such an injury, and stipulates that ‘written notice of claim must be given by the insured, or by the bene *450 ficiary, to.the company . . . fifteen days from the date of the accident causing the loss for which claim is made,’ the time within which notice must be given by the beneficiary does not begin to run until the death of the insured.”
The court in discussing the case, on page 569, uses this language:
“It is also contended that, if this right of action existed, it has been lost by failure to give notice as required by clause 4, above set out. No notice was given to the company until more than fifteen days after the insured was injured. If such notice was necessary, the failure to give it worked a forfeiture of all rights under the policy. It will bei seen from clause 4 that notice of the claim must be given by the insured or by the beneficiary. These parties cannot both have a claim at the same time. It would be a useless thing for the beneficiary to give notice of a claim which is not in existence and which may never arise. Such a proceeding cannot be fairly assumed to have been contemplated by the parties, and it does not seem to be clearly expressed by the language of the policy. Until the death of the insured the beneficiary had no interest in, or claim to, the policy, and no rights under its provisions. A claim in favor of the insured arose after he received the injury, and to preserve that claim it was incumbent upon him to give the required notice. But the beneficiary, during the life of the insured, had no claim against the company nor any right under the policy to be protected. The language of the clause evidently contemplates that this duty will in some cases rest upon the insured *451 and in others upon the beneficiary, for they are both mentioned.”
A large number of cases are cited on behalf of the defendant in error, and on behalf of its contention perhaps the strongest case is Hatch v. United States Casualty Co., 197 Mass., 101. This case commonly known as the Hatch case is somewhat analogous to the instant case. The policy contained a provision that a notice of injury, fatal or non fatal, must be given to the company within ten days of the event causing the injury. The injured and deceased was injured on July 7th, which caused his death on August 11th. No notice of the accident was given to the company, but within four days after his death the plaintiff, the beneficiary, gave notice of the death, and the court held, in substance, that the requirement that the insured should give notice within ten days of the event causing the injury was a condition precedent to the creating of liability under the policy and that under the facts of the case the plaintiff could not recover.
At page 105 the court says:
“After his death it was not in the power of the beneficiary to revive the right lost by the insured in his lifetime. While it is true that the contract provided that, in case of the death of the insured from any risk insured against, the indemnity was to be paid to her if surviving, still her rights as beneficiary rest upon the contract, and the failure of the insured to fix the liability of the defendant by a notice was a. failure to complete the contract, not only so far as concerned any benefit to him or his estate, but also so far as concerned any to her.”
*452 An examination of the authorities outside of Ohio shows great divergence in the opinions in cases similar to the instant case. The question is not without its difficulties, and we think that the cases may be divided into two general classes, one holding to a strict construction of the policy, and the other holding to a reasonable construction of the policy. And we are inclined to the opinion that in Ohio the courts are inclined to a reasonable rather than a strict construction of the terms of a policy such as set forth in the instant case.
These questions havé been before the supreme court to a certain extent in two cases recently decided, Employers’ Liability Assurance Corp. v. Roehm, 99 Ohio St., 343, and American Casualty Co. v. Roehm, 99 Ohio St., 350. The syllabus in the first above mentioned case is as follows:
“A provision in a policy of indemnity insurance, to the effect that written notice should be given the company within 30 days from the date of sustaining the injury, is of the essence of the contract, and like other contracts should be construed so as to give effect to the intention and express language of the parties. This rule of law is subject to the qualification, that if at the time of the accident, and within the period stipulated for the giving of notice, no reasonable ground existed warranting a belief that the injury was anything but trivial in its character, not justifying a claim for damages, and it subsequently develops that as a result of such accident serious consequences have ensued, and that immediately upon being advised of this fact thé insured gives written notice to the insurer, the *453 question whether the notice was given within time is not a matter of law, but is a question for the determination of a jury.”
At page 346 the court says:
“The question for determination is: Do the facts alleged in the petition justify the holding that as a matter of law the plaintiff is tot be denied recovery, or are they such as to require the submission of the cause to a jury for its solution?
“We are of opinion that the failure of the plain-, tiff to notify the company of the fact that he had suffered a blow over the eye, within the thirty-day period, will not necessarily operate to defeat a recovery. His conduct between the day that the blow was inflicted and the day that the terrible possibility fell on him like a thunderbolt was highly commendable, if not exceptional. It showed a high regard for the rights of the insurance company, for, all too often, very slight injuries are made the basis of a claim for indemnity. It would seem a poor reward for virtue, if conduct of this character were to be made the groundwork for a successful defense against recovery for a grievous loss. It would penalize a decent regard for the rights of others and put a premium on that sort of conduct that carries insurance for profit rather than protection.”
In the last above cited case, at page 351, the court says:
“In Employers’ Liability Assurance Corporation case, supra, the notice clause contained a provision to the effect that notice must be given ‘unless such notice may be shown not to have been reasonably *454 possible.’ Such exception is not written in the notice clause in the case at bar.
“The failure to specifically include the exception mentioned is of little or no importance, for manifestly such exception must be read into any provision of this character. The law does not require, in circumstances of this kind, that a party do the impossible thing; or, to. put it in another way, in the case at bar the insured must be held to have the same right to justify and explain his failure to give the notice within ten days, as we have held that he had in the case where the excusing clause was actually written in the policy.
“The judgment in this case must be affirmed, for the reason that John Roehm did not have, within ten days from the time of the accident, any knowledge whatever that he had suffered an injury of the character he afterwards discovered, nor any injury at all for that matter, upon which a claim for damages could be based. Situated as he was during the passage of the period stipulated for notice, unaware that any harm had befallen him, the giving of notice then must have appeared to John Roehm, as it would have appeared to any other reasonable and prudent man under like circumstances, as a foolish and futile thing. At any rate, he is entitled to the judgment of a jury as to the reasonableness of his conduct under the circumstances.”
Entertaining the views that the terms and conditions of this policy with respect to notice should receive a reasonable construction, we are of the *455 opinion that the demurrer should have been overruled so far as it relates to this branch of the case.
There is also a condition of forfeiture prescribed in the policy that unless notice is given of an autopsy at least seven days in advance to certain officers of the company, the policy shall be forfeited, and upon this branch of the case we hold that the terms and conditions in the policy with reference to an autopsy are unreasonable and unwarranted, and that forfeiture of the policy cannot be declared for failure to give such notice. The demurrer should be overruled as to this branch of the case.
The judgment of the court below in sustaining the demurrer will be reversed and the cause remanded to the court of common pleas with instructions to overrule the demurrer, and for further proceedings according to law.

Judgment reversed.

Houck and Shields, JJ., concur.